# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JERIES YACOB QUMSYEH,

Defendant-Appellant.

UNPUBLISHED
September 20, 2018

No.  338130
Genesee Circuit Court
LC No.  16-039543-FC

Before:  O'CONNELL, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant pleaded no contest to one count of second-degree murder, MCL 750.317, but reserved the right to appeal the issue of whether double jeopardy barred his prosecution in Michigan.  We affirm.

Defendant killed his ex-wife in 1982 and, after he was charged with murder, fled to Amman, Jordan.  In 1983, he was allegedly convicted for her murder in Jordan and sentenced to prison, without the knowledge or participation of United States' authorities.  He was released from prison after serving less than eight years, and in 2011, United States' authorities were notified that defendant had been arrested in Canada.  After defendant was extradited in 2016, he was again charged with his ex-wife's murder.  Defendant filed a motion to dismiss the charge on double jeopardy grounds, which was denied.  During the bench trial on a charge of first-degree premeditated murder, defendant entered a no contest plea to second-degree murder.

On appeal, defendant argues that the Double Jeopardy Clause of the Michigan Constitution barred his prosecution for murder because he was already convicted of murder in Jordan and Michigan's interest in prosecuting defendant was satisfied by that prosecution.  After de novo review of this issue of constitutional law, we disagree.  See *People v Ackah-Essien*, 311 Mich App 13, 30; 874 NW2d 172 (2015).

The Double Jeopardy Clause of the Michigan Constitution provides: "No person shall be subject for the same offense to be twice put in jeopardy."  Const 1963, art 1, § 15.  As our Supreme Court explained in *People v Smith*, 478 Mich 292; 733 NW2d 351 (2007):

The Double Jeopardy Clause affords individuals three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and

-1-

(3) it protects against multiple punishments for the same offense. The first two protections are generally understood as the "successive prosecutions" strand of double jeopardy, while the third protection is commonly understood as the "multiple punishments" strand. [*Id*. at 299 (internal quotation marks and citation omitted).]

Defendant argues that at the time he killed his ex-wife, and when he was convicted in Jordan for that offense, prevailing Michigan law barred a successive prosecution for the same offense; thus, he should not have been charged with murder in Michigan. Defendant relies on the case of *People v Cooper*, 398 Mich 450; 247 NW2d 866 (1976), in support of his argument. In that case, the issue was whether the defendant could be tried by the state on charges arising from his attempted bank robbery, although he was acquitted of similar charges in federal court. *Id*. at 453. Relying on the dual sovereignty doctrine, our Supreme Court explained: "[W]here an individual's behavior violated state and Federal laws which are framed to protect different social interests, prosecution by one sovereign will not satisfy the needs of the other sovereign." *Id*. at 459. However, the Court held, "[w]hen state and Federal interests do coincide, prosecution by one sovereign will satisfy the need of the other." *Id*. at 460. Thus, the *Cooper* Court held, the Double Jeopardy Clause of the Michigan Constitution "prohibits a second prosecution for an offense arising out of the same criminal act unless it appears from the record that the interests of the State of Michigan and the jurisdiction which initially prosecuted are substantially different." *Id*. at 460-461.

Our Supreme Court revisited the dual sovereignty doctrine in *People v Davis*, 472 Mich 156; 695 NW2d 45 (2005). In that case, the issue was whether the defendant could be tried by this state on charges arising from his theft of an automobile in Michigan, although he pleaded guilty to a related charge in Kentucky. *Id*. at 158. The Court held that Michigan's Double Jeopardy Clause did not "bar defendant's successive state prosecution in Michigan because the entities seeking to prosecute defendant in this case—Kentucky and Michigan—are separate sovereigns deriving their authority to punish from distinct sources of power." *Id*. The Court recognized that crime is "an offense against the sovereignty of the government" so when a single act of the defendant violates the "peace and dignity" of two sovereigns by breaking the laws of both, two distinct offenses are committed. *Id*. at 166, quoting *Heath v Alabama*, 474 US 82, 88-89; 106 S Ct 433; 88 L Ed 2d 387 (1985). Thus, because states are separate sovereigns with respect to both the federal government and to each other, the dual sovereignty doctrine permits successive prosecutions. *Id*. at 166-167, quoting *Heath*, 474 US at 88-89. In so holding, the *Davis* Court expressly overruled the *Cooper* decision's "balancing of interests approach" to analyzing double jeopardy challenges. *Id*. at 167-168.

We first address defendant's argument that the holding in *Cooper*, which was in effect when he committed the murder and when he was prosecuted in Jordan, precluded his successive prosecution for murder several years later in Michigan. Even if *Cooper* did apply, defendant's argument fails. First, *Cooper* addressed successive federal and state prosecutions, not successive foreign and state prosecutions. Defendant failed to cite to a single case in which the dual sovereignty doctrine did not apply to successive foreign and state prosecutions. Second, even if the *Cooper* rationale applied to foreign prosecutions, defendant failed to present any argument— much less establish—that this state's and Jordan's interests in prosecuting the criminal act

-2-

"coincided" such that the prosecution in Jordan satisfied or vindicated the interests advanced by this state's murder legislation. See *Cooper*, 398 Mich at 459-460. In fact, the statute under which defendant was prosecuted in Jordan is unknown; there is no evidence of federal or state involvement in that prosecution; and it is clear that the interests of this state—where the murder was actually committed—and the interests of Jordan are substantially different. See *id*. at 460-461. Accordingly, even if the holding in *Cooper* applied, defendant's argument is without merit; the Double Jeopardy Clause of the Michigan Constitution did not bar the Michigan prosecution.

Second, contrary to defendant's argument, we conclude that our Supreme Court's decision in *Davis*, 472 Mich at 168, overruling the "balancing of interests approach" to analyzing double jeopardy challenges, applies retroactively to defendant's case. "Judicial decisions are generally given complete retroactive effect unless the decisions are unexpected or indefensible." *People v Sexton*, 458 Mich 43, 63-64; 580 NW2d 404 (1998). And defendant has not established either circumstance. Further, "a new rule for the conduct of criminal prosecutions that is grounded in the United States Constitution applies retroactively[.]" *People v Lonsby*, 268 Mich App 375, 389; 707 NW2d 610 (2005). And, as defendant notes, the underlying foundation of the dual sovereignty doctrine is the Fifth Amendment. Thus, the dual sovereignty doctrine permitted the successive prosecutions because Michigan and Jordan are separate sovereigns that obviously derive their authority to punish defendant from independent and distinct sources of power. See *Davis*, 472 Mich at 168; see also, e.g., *United States v Studabaker*, 578 F3d 423, 430 (CA 6, 2009) (A defendant convicted and incarcerated in England for the same conduct did not bar federal prosecution.).

We also reject defendant's claim that retroactive application of the *Davis* holding violates ex post facto principles because it "increased the consequences attendant to [defendant's] conduct three and a half decades earlier." Defendant appears to claim that his prosecution would have been barred under *Cooper* but, as discussed above, even the *Cooper* holding did not preclude his prosecution for murder in Michigan. Accordingly, defendant's argument is without merit.

In summary, the Double Jeopardy Clause of the Michigan Constitution did not bar defendant's prosecution for murder, although he was allegedly convicted on a related charge in Jordan.

Affirmed.

/s/ Peter D. O'Connell
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-3-